# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-00223-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Marco Antonio Urbina-Reyes, | |
| Defendant. | |

On January 21, 2024, Defendant filed a Motion to Dismiss Indictment with Prejudice. (Doc. 10.) Defendant argued that the Indictment in this matter should be dismissed because the Government disclosed documents showing that he had not previously been removed from the United States but instead was granted a voluntary departure. (*Id.*) The Government did not respond to the Motion by the February 7, 2024 deadline. (Doc. 12 at 1.) On February 13, 2024, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 12), recommending that this Court grant Defendant's Motion to Dismiss Indictment with Prejudice (Doc. 10). No timely objections to the Report and Recommendation were filed.

Defendant filed a second Motion to Dismiss Indictment on February 29, 2024, arguing that the Indictment in this matter should be dismissed on the merits of the arguments raised in the first Motion to Dismiss and based on the Government's failure to respond to the first Motion to Dismiss and failure to object to the Report and Recommendation. (Doc. 13.) On March 1, 2024, the Government filed a Motion to

Extend Time to File Response, requesting an extension of time to object to the Report and Recommendation. (Doc. 14.) On the same day, the Government filed an Objection to the Magistrate Judge's Report and Recommendation (Doc. 16) and a Response to Defendant's Motion to Dismiss Indictment (Doc. 15). The Motion to Extend Time avers that "Counsel for the government misapprehended the status of the case and did not realize that either the motion (doc. 10) or the Report and Recommendation (doc. 12) were filed and docketed." (Doc. 14 at 1.)

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). Failure to object to the findings and recommendations of the magistrate judge "waives a party's right to review." Fed. R. Crim. P. 59(b)(2).

The Government's excuse for failing to timely object to the Report and Recommendation does not constitute good cause or excusable neglect to warrant an extension, *nunc pro tunc*, of the deadline for filing objections. *See* Fed. R. Crim. P. 45(b)(1)(B). Accordingly, the Court will deny the Government's Motion to Extend Time. (Doc. 14.) The Government's Objection (Doc. 16) is untimely.

The Court has reviewed Magistrate Judge Markovich's Report and Recommendation, the parties' briefs, and the record. The Court finds no error in Magistrate Judge Markovich's Report and Recommendation, and the Government has waived its right to review by failing to timely file objections. Even if the Court were to consider the Government's untimely Objection and untimely Response to the Motion to Dismiss, the Government has not challenged Defendant's assertion that he departed voluntarily and was not removed or deported. "Because the underlying removal order serves as a predicate element of a § 1326 illegal reentry offense, a defendant charged with that offense may collaterally attack the removal order" in a motion to dismiss the indictment. *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) (internal

quotation and alteration marks omitted).  Dismissal of the indictment is appropriate if the facts are undisputed and there is no question the Government lacks the evidence to convict.  *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1261 (9th Cir. 2013).

For the foregoing reasons, and pursuant to 8 U.S.C. § 1326(d), the Court will dismiss the Indictment.

**IT IS ORDERED** that the Government's First Motion to Extend Time to File Response (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 12) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment with Prejudice (Docs. 10, 13) is **granted**.  The indictment in the above-captioned case against Defendant Marco Antonio Urbina-Reyes (Docs. 8, 9) is hereby **dismissed with prejudice**.  All pending deadlines and hearings in this case are vacated.  The United States Marshal is directed to release Defendant, and the Clerk of Court is directed to close this case.

Dated this 14th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge